1
2
3                    UNITED STATES DISTRICT COURT
4                  WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
5
6    ALEXANDER MYRICK,                        Case No. C07-1778MJP
7                    Plaintiff,
8         v.                                   ORDER GRANTING
                                               PLAINTIFF'S MOTION TO
9    NATIONWIDE MUTUAL INSURANCE CO.,          REMAND
10                   Defendant.
11

12        This matter comes before the Court on Plaintiff's motion to remand. (Dkt. No. 10.)

13   Defendant opposes the motion. (Dkt. No. 14.)  Having considered the motion and response,

14   Plaintiff's reply (Dkt. No. 16), the notice of removal (Dkt. No. 1), the complaint (Dkt. No. 2), the

15   declaration of Autum L. Davis (Dkt. No. 3), and the balance of the record, the Court GRANTS

16   Plaintiff's motion to remand but DENIES Plaintiff's request for attorneys' fees and costs.

17                                  **Background**

18        Plaintiff filed this putative class action against Defendant Nationwide Mutual Insurance

19   Company ("Nationwide") on September 26, 2007.  Plaintiff asserts that Nationwide has made

20   Personal Injury Protection ("PIP") coverage payments to insureds like Plaintiff and then

21   inappropriately sought reimbursement for those payments from the insureds even though the

22   insured had not been made whole by a third party tortfeasor.  He alleges claims against

23   Nationwide under the Washington Consumer Protection Act ("WCPA"), and for bad faith,

24   negligence, breach of contract, and unjust enrichment. (Dkt. No. 2, Complaint.)  Plaintiff has

25   defined the class he seeks to represent as:

26        All persons in the State of Washington who, within the applicable limitations period,
          were covered by a motor vehicle liability insurance policy issued by Nationwide that
27

ORDER — 1

1   included PIP coverage, where Nationwide made payments under that PIP coverage
    and later sought or recovered from its insured all or any portion of its PIP payments,
2   even though its insureds had not been made whole by their recovery from (or on
    behalf of) an alleged third party tortfeasor.
3

4   (Compl. ¶ 16.)  Plaintiff requests declaratory and injunctive relief, damages "in an amount as is

5   proven at trial," trebling of damages under the WCPA, prejudgment interest, and attorneys' fees

6   and costs. (Compl. at 8-9.)

7          On November 1, 2007, Nationwide filed a notice of removal. (Dkt. No. 1.)  In its notice,

8   Nationwide asserts that this Court has diversity jurisdiction under the Class Action Fairness Act

9   ("CAFA"), 28 U.S.C. § 1332(d), because Plaintiff brought the action on behalf of a putative class

10  of at least 100 individuals, the minimum diversity requirement is met (i.e., at least one member of

11  the class is a citizen of a state different from any defendant), and the amount in controversy

12  exceeds $5,000,000.  Evidence of the amount in controversy is found in the declaration of Autum

13  Davis, in which Ms. Davis states:

14         [F]rom January 2002 through the present Nationwide issued insurance policies to
           Washington insureds containing Personal Injury Protection ("PIP") coverage.
15         During this period Nationwide made PIP payments to Washington insureds and
           later recovered in excess of $7,000,000 of these PIP payments.
16

17  (Davis Decl. ¶ 3.)

18         On November 8, 2007, Plaintiff filed a motion to remand arguing that Nationwide has

19  failed to show that the amount in controversy exceeds $5,000,000.  Plaintiff also requests fees and

20  costs.

21                                        **Discussion**

22  **I.     Removal Jurisdiction Under CAFA**

23         A civil action in state court may be removed to federal court if the federal district court

24  has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  As amended by CAFA, 28 U.S.C.

25  § 1332(d) grants district courts original jurisdiction over class actions where the aggregate

26  number of proposed plaintiffs exceeds 100, a minimum diversity requirement is met, and the

27

ORDER — 2

1  matter in controversy exceeds $5,000,000, exclusive of interest and costs. See Loudermilk v. U.S.

2  Bank. Nat'l Assoc., 479 F.3d 994, 997 (9th Cir. 2007).  In determining whether the jurisdictional

3  threshold has been met, the claims of the individual class members may be aggregated. 28 U.S.C.

4  § 1332(d)(6).  The removing defendant has the burden of establishing federal jurisdiction,

5  including the required amount in controversy. Abrego Abrego v. The Dow Chemical Co., 443

6  F.3d 676, 683, 685 (9th Cir. 2006).  "Where the complaint does not specify the amount of

7  damages sought, the removing defendant must prove by a preponderance of the evidence that the

8  amount in controversy requirement has been met." Id. at 693.

9         The parties' narrow dispute focuses on whether Defendant has met its burden of proving

10  by a preponderance of the evidence that the $5,000,000 amount in controversy requirement has

11  been met.  The only evidence Defendant points to is the Davis Declaration, in which Ms. Davis, a

12  "Senior Trainer/Development Instructor" at Nationwide, states that from January 2002 through

13  the present, "Nationwide made PIP payments to Washington insureds and later recovered in

14  excess of $7,000,000 of these PIP payments."[1] (Davis Decl. ¶ 3.)  But as Plaintiff points out, this

15  evidence does not address the claims as pled in Plaintiff's complaint.  Plaintiff only seeks recovery

16  for those PIP payments Nationwide sought to recover where its insureds had not been made

17  whole by third party tortfeasors.  Defendant does not argue or present any evidence suggesting

18  that the subset of recovered PIP payments focused on in Plaintiff's complaint is equal to the total

19  number of PIP payments Nationwide actually recovered.  If some of the $7,000,000 in PIP

20  payments recovered by Nationwide were from insureds that had previously been made whole by

21  third party tortfeasors, those recoveries would not be included within the recoveries at issue in

22  this case.  Moreover, if Nationwide recovered some of the PIP payments from someone other

23

24         [1]    Plaintiff argues that the Davis Declaration does not constitute competent evidence in
      Washington because it is signed under penalty of perjury under the laws of the state of Iowa, not

25      Washington. But the Davis Declaration complies with 28 U.S.C. § 1746(2), which only requires that
      a declarant execute the declaration in the United States and include with the declaration a statement

26      certifying "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2).

27

ORDER — 3

1    than the insured, those recoveries would fall outside the context of this lawsuit.

2         In effect, Nationwide has offered an overinclusive figure as its only evidence of federal

3    CAFA jurisdiction.  That evidence does not suffice.  The Court will not speculate as to what

4    percentage of the $7,000,000 in payment recoveries actually fall within the purview of Plaintiff's

5    claims. Cf. Loudermilk, 479 F.3d at 1002 (holding that Defendant had not shown with "legal

6    certainty" that the amount in controversy meets CAFA's jurisdictional requirements where

7    Defendant "left [the court] to speculate as to the size of the class, the amount of unpaid wages

8    owed due to the rounding policy, and whether or not such members of the class qualify for

9    penalty wages").[2]  Because Nationwide has failed to offer any evidence suggesting that the claims

10   as pled implicate more than $5,000,000, Nationwide has failed to meet its burden of proving by a

11   preponderance of the evidence that removal jurisdiction is proper.

12        Nationwide complains that Plaintiff refuses to "stand by the representations made in his

13   Motion to Remand" and suggests that the Court should find jurisdiction based on the fact that

14   Plaintiff refuses to stipulate to limit his case. (Def's Resp. at 9-10.)  Plaintiff refuses to stipulate to

15   exclude the scenarios that he identified in his motion to remand as being outside the purview of

16   his claims.  Federal court jurisdiction does not rely on the stipulations, or lack thereof, of the

17   parties.  Whether Plaintiff agrees to "limit" his case in any way is irrelevant to the jurisdictional

18   question presented.

19   **II.   Attorneys' Fees**

20        Plaintiff requests an award of his costs and fees incurred for the motion for remand.  When

21   a federal court remands a case, it "may require payment of just costs and any actual expenses,

22   including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent

23   unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

24

25        [2]     The Court acknowledges that Loudermilk employed a stricter "legal certainty"

26   standard than is in effect here.  But even under the more lenient preponderance of the evidence
     standard, Nationwide's evidence and reasoning falls short.

27

ORDER — 4

1  removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an

2  objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546

3  U.S. 132, 140 (2005).  The Franklin Court also instructed that fees serve to deter defendants from

4  prolonging litigation through removal:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire
> to deter removals sought for the purpose of prolonging litigation and imposing costs
> on the opposing party, while not undermining Congress' basic decision to afford
> defendants a right to remove as a general matter, when the statutory criteria are
> satisfied.

8  Id.  Although Defendant has failed to prove that CAFA jurisdiction exists, a reasonable basis for

9  removal may exist.  Moreover, Plaintiff has not presented evidence suggesting that Defendants

10  sought removal to prolong litigation or impose costs on Plaintiff.  The request for fees is denied.

### Conclusion

12      Because Defendant failed to prove the requisite $5,000,000 amount in controversy

13  requirement under CAFA, remand is appropriate.  Plaintiff's motion to remand is GRANTED but

14  the request for fees and costs is DENIED.

15      Dated: January 2nd, 2008.

_____
Marsha J. Pechman
United States District Judge

ORDER — 5